UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL WATSON, DAVID DRABEK, RONALD A. BECKMAN, ANDREW DENNISON, AND ERNEST VOGL, *et al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>SYNGENTA, AG, and SYNGENTA SEEDS, INC.,<br><br>*Defendants.* | Civ. A. No. _____ |

## SYNGENTA SEEDS, LLC'S NOTICE OF REMOVAL

Please take notice that Defendant Syngenta Seeds, LLC (formerly Syngenta Seeds, Inc.), expressly reserving all rights otherwise to respond to this lawsuit, including but not limited to any objection to improper venue, hereby removes the above-captioned case, which was filed on March 26, 2018, in the District Court for Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division.

This case is removable because the Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and thus removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453(b).

## REMOVAL JURISDICTION

1. This case is a civil action filed in the District Court for Brazoria County, Texas styled *Michael Watson, David Drabek, Ronald A. Beckman, Andrew Dennison, and Ernest Vogl, et al. v. Syngenta, AG, et al*. *See* Pet. (attached as Ex. A). Plaintiffs initiated the case by filing the Petition on or about March 26, 2018.

2.      Although neither defendant has yet been served with the Petition, removal is proper. *See, e.g.*, *Evans v. Rare Coin Wholesalers, Inc.*, No. 4:09-cv-259, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010) (upholding removal before service).

3.      The consent of Syngenta AG (a Swiss entity that also has not yet been served) is not necessary for removal under CAFA. *See* 28 U.S.C. § 1453(b) (permitting CAFA removal "by any defendant without the consent of all defendants").

4.      Removal is timely under 28 U.S.C. § 1446(b), as the defendants have not yet been formally served and thus the thirty-day deadline for removal has not yet begun. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999); *see also, e.g.*, *Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797, 801 n.3 (W.D. Tex. 2008) (noting that the Supreme Court in *Murphy Brothers* "held that formal service of process is required before the § 1446(b) clock may start in a case that is otherwise initially removable").

5.      Removal to this Court is proper because the Southern District of Texas, Galveston Division is the district and division embracing the place (Brazoria County, Texas) where the action was filed. 28 U.S.C. §§ 124, 1441(a).

6.      As required by 28 U.S.C. § 1446(a) and S.D. Tex. Local Rule 81, Syngenta has attached an index of matters being filed, along with the following documents: (a) Plaintiffs' Petition and accompanying exhibits (Ex. A), (b) a relevant order from the MDL Court, as defined below (Ex. B); (c) the state court docket sheet (Ex. C); and (d) a list of all counsel of record, including addresses, telephone numbers and parties represented (Ex. D). There were no other pleadings or orders filed in the case prior to removal. Syngenta has not yet been served with any "process, pleadings, and orders." 28 U.S.C. § 1446(a).

7. Upon filing this Notice of Removal, Syngenta will provide written notification to Plaintiffs' counsel and will file a Notification of Removal (attaching a copy of this Notice of Removal) with the District Court for Brazoria County, State of Texas. *See* 28 U.S.C. § 1446(d).

## BACKGROUND

8. This case arises out of the same subject matter as hundreds of other lawsuits that have been filed in or removed to dozens of different federal courts across the United States, in which corn farmers and others in the corn industry allege that Syngenta violated American tort laws by launching a U.S.-approved genetically modified corn trait (MIR 162) in the U.S. just because the product was not yet approved by the Chinese government for import into China.

9. These related federal cases have been coordinated for pretrial purposes in Multi-District Litigation ("MDL") before Judge John W. Lungstrum of the United States District Court for the District of Kansas.

10. On April 10, 2018, the MDL Court granted preliminary approval of a Nationwide Class Settlement that resolves the claims of corn farmers, grain handling facilities and others (except for certain excluded exporters not relevant here) for $1.51 billion. *See* Order, ECF No. 3531, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan. Apr. 10, 2018). The settlement was reached after months of negotiations between Syngenta's counsel and a Plaintiffs' Settlement Negotiating Committee appointed by the MDL Court from a cross-section of counsel who had filed both class actions and individual actions across the country, in order to "'balance[] the goals of representing the interests of different groups of producer plaintiffs while maintaining a workably sized group to conduct settlement negotiations.'" *Id.* at 2 (quoting Order Appointing Pls.' Settlement Negotiation Committee in the Syngenta Litig. at 3, ECF No. 3366, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan. Aug. 8, 2017)).

11. As part of the settlement approval process, the MDL Court granted provisional certification of a nationwide settlement class under a class definition that includes the Plaintiffs who have filed this case. Order ¶ 3, ECF No. 3532, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan. Apr. 10, 2018). The MDL Court also exercised its authority under the All Writs Act, 28 U.S.C. § 1651(a), and Anti-Injunction Act, 28 U.S.C. § 2283, to protect its jurisdiction over the settlement by enjoining "[a]ll putative Settlement Class Members" from:

> filing, commencing, prosecuting, intervening in, participating in, continuing to prosecute and/or maintaining, as plaintiffs, claimants, or class members, any other lawsuit, including, without limitation, a Related Lawsuit, or administrative, regulatory, arbitration, or other proceeding in any jurisdiction (whether state, federal, or otherwise), against Released Parties based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances at issue, in this litigation, Related Lawsuits and/or the Released Claims (as defined by the parties' Settlement Agreement. The . . . injunction will remain in effect unless and until a putative Settlement Class member's opt-out becomes effective on the date this Court grants Final Approval, the Court denies approval of the settlement, or the Settlement Agreement is otherwise terminated.

Order, ECF No. 3533, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan. Apr. 10, 2018) (attached as Ex. B).

12. Plaintiffs are putative settlement class members whose counsel unsuccessfully sought to participate alongside the Plaintiffs' Settlement Negotiating Committee and claim dissatisfaction with the structure—but not the amount—of the National Class Settlement pending in the MDL. Plaintiffs' apparent objection is that the settlement varies from a preliminary settlement term sheet that the MDL-appointed negotiating committee had signed with Syngenta in September 2017, even though the term sheet expressly stated that it "must be superseded by more definitive written settlement agreements ('Agreements') executed by all Parties, which shall control over, supersede, and replace this Term Sheet," and that "[f]inal settlement is

4

contingent upon agreement on all terms and conditions in, and execution of, the Agreements." Settlement Term Sheet (Ex. A to Pls.' Pet.). Plaintiffs have brought suit "on behalf of themselves and all other similarly situated United States corn producers represented by private counsel," Pet. at 1, and seek class-wide relief to "[e]nforce the STS [settlement term sheet] as it applies to Plaintiffs and *all similarly situated* Individual Plaintiffs" as well as to "[a]ward Plaintiffs and *each similarly situated Individual Plaintiff* his/her/its allocable share of the settlement set forth in the STS," Pet. ¶ 27(d)-(e) (emphasis added).

13. Plaintiffs raised the same claims before the MDL Court in opposing preliminary approval of the Settlement Agreement and the entry of an injunction during the final approval process. The MDL Court rejected their arguments. *See* Mem. & Order at 9-10, ECF No. 3531, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan. Apr. 10, 2018) ("Toups [Plaintiffs' counsel] argues that the Agreement violates the earlier term sheet executed by the negotiating parties. . . . The Court rejects this argument. The non-binding nature of the term sheet is clear from its terms. . . . In sum, the Court concludes that the term sheet was not a binding agreement and was superseded by the eventual Agreement.").

14. As a putative class action, this case is removable under the Class Action Fairness Act. Syngenta is removing this case and seeking transfer to the MDL Court because any disputes about the pending MDL settlement can and should be heard by that court rather than litigating such disputes in multiple forums—especially when Plaintiffs' pursuit of these claims would also violate the MDL Court's injunction under the All Writs Act, 28 U.S.C. § 1651(a), and Anti-Injunction Act, 28 U.S.C. § 2283.

## JURISDICTION EXISTS OVER PLAINTIFFS' CLAIMS
## UNDER THE CLASS ACTION FAIRNESS ACT

15.     Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To remove a case from state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Evidentiary submissions are not required at this stage. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

16.     Congress enacted CAFA to "ensur[e] 'Federal court consideration of interstate cases of national importance'" by providing original jurisdiction over certain class actions and mass actions. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1346 (2013) (citation omitted). To further Congress's intent, the Supreme Court has made clear that CAFA must be interpreted "broadly" in favor of removal and that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 135 S. Ct. at 554; *see also, e.g.*, *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions."); *In re Whole Foods Mkt., Inc., Greek Yogurt Mktg. Sales Practices Litig.*, No. A-14-MC-2588-SS, 2015 WL 5737692, at *4 (W.D. Tex. Sept. 30, 2015) ("[C]ontrary to the general rule strictly construing the removal statute against jurisdiction, the Supreme Court [in *Dart Cherokee*] has recently explained [that] no 'antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" (quoting *Dart Cherokee*, 135 S. Ct. at 554)).

### I.     This Action Is A Removable Class Action Under CAFA.

17.     A class action is removable under CAFA if (1) the case is a putative "class action"; (2) any class member is a citizen of a state different from any defendant; (3) the proposed class consists of at least 100 members; and (4) the aggregate amount in controversy exceeds $5,000,000, excluding interest and costs.  28 U.S.C. §§ 1332(d), 1453(b); *see, e.g.*, *Whole Foods Mkt.*, 2015 WL 5737692, at *4.

18.     **This Is A "Class Action."**  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

19.     A "similar" state statute "must, at a minimum, provide a procedure by which a member of a class whose claim is typical of all members of the class can bring an action not only on his own behalf but also on behalf of all others in the class, such that it would not be unfair to bind all class members to the judgment entered for or against the representative party." *West Va. ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 175 (4th Cir. 2011).  In passing CAFA, Congress emphasized that the term "class action" should be "interpreted liberally." S. Rep. No. 109-14, at 35 (2005).  "Its application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority.  Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." *Id.; see, e.g.*, *College of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 40 (1st Cir. 2009) (finding a removable "class action" where the complaint may have lacked a sufficient class definition, but "seeks class-wide relief").

20. Plaintiffs' Petition explicitly seeks class-wide relief on behalf of a defined class of individuals and lists five named plaintiffs who seek to act in a representative capacity and claim to be typical of all other Individual Plaintiffs.

21. The Plaintiffs seek relief "on behalf of themselves *and all other similarly situated United States corn producers* represented by private counsel defined as Individual Plaintiffs in the September 25, 2017 Settlement Term Sheet ("STS") …." Pet. at 1 (emphasis added).

22. The Petition repeatedly makes clear that the five named plaintiffs are acting "on behalf of themselves and *all other similarly situated Individual Plaintiffs*." Pet. at 1 (emphasis added).

23. The Petition seeks class-wide relief to—e.g., to "[e]nforce the STS as it applies to Plaintiffs and *all similarly situated* Individual Plaintiffs and their counsel who fail to comply with its terms" and to "[a]ward Plaintiffs and *each similarly situated Individual Plaintiff* his/her/its allocable share of the settlement set forth in the STS." Pet. ¶ 27(d)-(e) (emphases added).

24. While the Petition does not explicitly invoke the Texas Rule of Civil Procedure 42 (the state counterpart to Fed. R. Civ. P. 23), there is no other basis under state law that would permit the named plaintiffs to act in such a representative capacity and seek such group-wide relief for absent plaintiffs.

25. **Minimal Diversity Of Citizenship.** CAFA's minimum diversity requirement is met as long as any class member and any defendant are citizens of different states, or any class member is a citizen of a U.S. state and any defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2)(A), (C). "Under [CAFA's diversity] requirement, a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State

8

different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).

26. There is minimal diversity here. For example, four named plaintiffs are residents (and thus likely citizens) of Texas, Minnesota, and New York, *see* Pet. ¶¶ 1-4, whereas neither defendant is a citizen of these states.

27. Syngenta AG is a Swiss corporation whose principal place of business is in Basel, Switzerland. *See* Pet. ¶ 7. Syngenta AG is thus a citizen of Switzerland.

28. Although the Petition nominally names Syngenta Seeds, Inc. as a defendant, that entity no longer exists, and its successor, Syngenta Seeds, LLC, is the real party in interest whose citizenship must be considered in determining jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (federal courts must "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). Syngenta Seeds, Inc. converted to Syngenta Seeds, LLC under Delaware law as of December 31, 2015, and Syngenta Seeds, Inc. thus ceased to exist as of that date. *See In re Syngenta AG MIR 162 Corn Litig. (Terway v. Syngenta Seeds, Inc.)*, MDL No. 2591/No. 16-2582, 2016 WL 5481997, at *2 (D. Kan. Sept. 29, 2016) (agreeing with Syngenta that "[o]nly one entity remain[ed] after the conversion, and that entity is the LLC," and thus "Syngenta Seeds, Inc. is only a nominal party, whose former citizenship is therefore irrelevant to the question of [removal] jurisdiction").

29. Syngenta Seeds, LLC is a limited liability company that is not a citizen of Texas because it does not have any member that is a citizen of Texas. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1017 (2016) (a limited liability company's citizenship is determined solely by the citizenship of its members). The sole member of Syngenta Seeds, LLC is Syngenta Corporation. Syngenta Corporation is a Delaware corporation with its principal

9

place of business in Delaware, and thus is a citizen of Delaware. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) (a corporation is a citizen of its place of incorporation and its "principal place of business").

30. **100 Class Members.** To qualify for original jurisdiction under CAFA, the putative class must contain at least 100 class members. 28 U.S.C. § 1332(d)(5)(B).

31. Plaintiffs allege that the purported class is composed of "approximately 90,000 to 100,000 individual direct action plaintiffs represented by private counsel." Pet. ¶ 12.

32. **$5 Million Aggregate Amount In Controversy.** CAFA authorizes removal of a class action where the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). To satisfy this requirement, a removing party must submit "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); *Lara v. Trimac Transp. Servs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("The amount in controversy is not the same as the amount ultimately recovered.").

33. Defendants deny the allegations raised in the Petition, including Plaintiffs' entitlement to any relief. The MDL Court has already correctly held that the term sheet which Plaintiffs seek to enforce is non-binding and was expressly superseded by the February 26, 2018 Nationwide Class Settlement, *see supra* paras. 12-13. Nonetheless, taking the allegations in the Petition as true (as the Court must do when assessing the amount in controversy), Plaintiffs' Petition places more than $5 million in controversy.

34. Plaintiffs' Petition requests an "Award [to] Plaintiffs and each similarly situated Individual Plaintiff his/her/its allocable share of the settlement set forth in the STS (Exhibit A)." Pet. ¶ 27(e). The term sheet, like the Nationwide Class Settlement that replaced it, contemplated a payment of $1.51 billion to resolve the claims of all eligible claimants.

35. There are approximately 650,000 potential claimants under the Syngenta settlement as a whole. *See* Decl. of O. Brown, Sr. ¶ 18, ECF No. 3507-13, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan. Mar. 12, 2018) (discussing settlement class and noting that USDA Farm Services Agency provided a list of 610,054 corn producers representing 95% of the potential claimants). Plaintiffs here allege that the putative class that is the subject of this case includes "approximately 90,000 to 100,000 individual direct action plaintiffs represented by private counsel." Pet. ¶ 12.

36. Plaintiffs thus seek to represent at least 13.8% of the potential Syngenta settlement claimants. Although Syngenta denies that Plaintiffs properly claim a "share" of a term sheet that the MDL Court has already recognized to have been replaced by the Nationwide Class Settlement, the amount *in controversy* exceeds $5 million in the aggregate because 13.8% of the $1.51 billion settlement amount exceeds $209,000,000. *See Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862-63 (5th Cir. 2010) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (citation omitted).

37. Thus, CAFA's aggregate amount in controversy requirement is satisfied.

## II. Alternatively, This Action Is A Removable Mass Action Under CAFA.

38. To the extent that the Petition here also purports to assert individual claims on behalf of "[a]ll Plaintiffs represented by undersigned counsel listed in Exhibit B" attached to the petition, this case is also independently removable in the alternative as a mass action under

11

CAFA. Pet. ¶ 10; *see id.* ¶ 6 ("All Plaintiffs listed on Exhibit B are incorporated herein by reference as if fully set forth at length."); Ex. B to Pet. (listing 9,160 individual plaintiffs).

39. A mass action is removable under CAFA if (1) there are monetary relief claims of 100 or more persons; (2) that are proposed to be tried jointly on the ground that the plaintiffs' claim involve common questions of law or fact; (3) there is minimal diversity of citizenship; (4) at least one individual plaintiff seeks recovery over $75,000; and (5) there is at least $5 million in controversy in the aggregate. 28 U.S.C. § 1332.

40. As explained above, there is minimal diversity of citizenship here, *see supra* para. 25-29, and over 100 Plaintiffs seek monetary relief, *see supra* para. 30-31; Ex. B to Pet. The remaining requirements for mass action jurisdiction are also met.

41. **The Claims Are Proposed To Be Tried Jointly.** Plaintiffs have proposed to try all of their claims jointly by virtue of the fact that plaintiffs joined their claims together in a single Petition and all asserted identical claims seeking identical relief. *See, e.g.*, *Aburto v. Midland Credit Mgmt., Inc.*, No. 3:08-CV-1473-K, 2009 WL 2252518, at *3 (N.D. Tex. July 27, 2009) (finding this requirement met where "[t]he Plaintiffs in this case filed a single complaint setting forth all of their claims, which described circumstances common to them all").

42. **There Is At Least $5 Million In Controversy In Aggregate For The 9,160 Plaintiffs Identified With The Petition, And At Least One Plaintiff Seeks In Excess Of $75,000 Individually.** The Petition incorporates a list of 9,160 plaintiffs. *See* Pet. ¶ 6 ("All Plaintiffs listed on Exhibit B are incorporated herein by reference as if fully set forth at length."); Ex. B to Pet. (listing 9,160 plaintiffs). To the extent that the Petition seeks relief for these 9,160 individual plaintiffs, these plaintiffs represent approximately 1.41% of the 650,000 potential settlement claimants, *see supra* para. 35. The aggregate amount in controversy thus exceeds

$5 million total because 1.41% of the $1.51 billion STS amount is $21.291 million, and there is no reasonable doubt that, given each individual plaintiff's varying acreages and bushels farmed among these 9,160 plaintiffs, at least one seeks in excess of $75,000.

### III.    None Of CAFA's Narrow Exceptions Applies.

43.    The local-controversy exception does not apply because none of the defendants is a citizen of Texas.  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (local-controversy exception applies only if "at least [one] defendant is a defendant who is a citizen of the State in which the action was originally filed").  Neither the home-state controversy exception nor the discretionary-jurisdiction exception applies for the same reason.  *See* 28 U.S.C. § 1332(d)(4)(B) (requiring in part that "the primary defendants, are citizens of the State in which the action was originally filed" for the home-state controversy exception); 28 U.S.C. § 1332(d)(3) (requiring in part that "the primary defendants are citizens of the State in which the action was originally filed" for the discretionary jurisdiction exception).  And the governmental-defendants exception does not apply because the defendants in this action are corporations, not states, state officials, or other government entities.  *See* 28 U.S.C. § 1332(d)(5)(A).

## CONCLUSION

For the foregoing reasons, Syngenta removes this action from the District Court for Brazoria County, State of Texas, to the United States District Court for the Southern District of Texas, Galveston Division.

Dated: April 25, 2018

Respectfully submitted,

HAYNES AND BOONE, LLP

*/s/ Mark Trachtenberg*
Mark Trachtenberg
Texas State Bar No. 24008169
S.D. Tex. ID 24584
1221 McKinney, Suite 2100
Houston, Texas  77010-2007
Telephone: (713) 547-2000
Telecopier: (713) 547-2600
Mark.Trachtenberg@haynesboone.com

***Attorney for Defendant Syngenta Seeds, Inc. (now Syngenta Seeds, LLC)***

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system. I also certify that a copy has been served on counsel for plaintiffs via U.S. mail, postage prepaid and properly addressed, this 25th day of April, 2018:

Mitchell A. Toups
WELLER, GREEN, TOUPS & TERRELL, LLP
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Tel: (409) 838-0101
Fax: (409) 838-6780
*matoups@wgttlaw.com*

Richard L. Coffman
THE COFFMAN LAW FIRM
First City Building
505 Orleans St., Fifth Floor
Beaumont, TX 77701
Tel: (409) 833-7700
Fax: (866) 835-8250
*rcoffman@coffmanlawfirm.com*

*/s/ Mark Trachtenberg*
Mark Trachtenberg

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

MICHAEL WATSON, DAVID DRABEK, RONALD A. BECKMAN, ANDREW DENNISON, AND ERNEST VOGL, *et al*,

　　*Plaintiffs*,

v.

SYNGENTA, AG, and SYNGENTA SEEDS, INC.,

　　*Defendants*.

Civ. A. No. _____

## INDEX OF MATTERS FILED

1. PLAINTIFF'S ORIGINAL PETITION and CIVIL CASE INFORMATION SHEET **(EXHIBIT A)**

2. RELEVANT ORDER FROM MDL COURT – Order, ECF No. 3533, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan. Apr. 10, 2018) **(EXHIBIT B)**

3. DOCKET SHEET **(EXHIBIT C)**

4. LIST OF ALL COUNSEL OF RECORD **(EXHIBIT D)**

5. ALL EXECUTED PROCESS – None

6. PLEADINGS ASSRTING CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS – None, other than Exhibit A.

7. ORDERS SIGNED BY STATE JUDGE – None